The document below is hereby signed.

Signed: July 5, 2019



_S. Martin Teel Jr._

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| DWAIN W. TATE, | ) | Case No. 19-00237 |
| | ) | |
| Debtor. | ) | (Chapter 13) |
| | ) | |
| ──────────────── | ) | |
| DWAIN W. TATE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 19-10009 |
| FAIRFAX VILLAGE I | ) | |
| CONDOMINIUM, _et. al._, | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |
| Defendants. | ) | |

MEMORANDUM DECISION AND ORDER RE MOTION TO DISMISS AND
DIRECTING PLAINTIFF TO PROVIDE A MORE DEFINITE STATEMENT

The defendants in this adversary proceeding have filed a
_Motion to Dismiss_ (Dkt. No. 19) the amended complaint (Dkt. No.
7) in this adversary proceeding.  In the _Motion to Dismiss,_ the
defendants argue that dismissal is appropriate under Fed. R. Civ.
P. 12(b)(1) or 12(b)(6), made applicable under F. R. Bankr. P.
7012.  For the following reasons, the court will direct the
plaintiff to file a further amended complaint providing a more

definitive statement of the basis of his claim before ruling on the *Motion to Dismiss*.

I

The chief facts are not in dispute.  The plaintiff, Dwain W. Tate ("Tate"), is the son of Annetta M. Tate ("Ms. Tate"), who owned 3939 Pennsylvania Ave. SE, Unit 201, Washington, DC 20020 (the "Property").  After Ms. Tate passed away, Tate became the personal representative of her estate on May 25, 2007.  The estate case was closed on May 26, 2010, with probate remaining uncompleted.  After his mother's death, Tate continued to make the payments on the monthly mortgage and condominium fees, but Ms. Tate remained the "named owner" according to the deed on file with the Recorder of Deeds and the Office of Tax and Revenue tax records.  Tate eventually fell delinquent on the payment of the condominium fees owed to Fairfax Village I Condominium with regard to the Property.  Consequently, on March 8, 2019, Fairfax Village I Condominium filed and served a notice of foreclosure addressed to Ms. Tate on the Property.  The foreclosure sale was set for April 11, 2019.  On April 10, 2019, the plaintiff filed a voluntary petition under Chapter 13 of the Bankruptcy Code, commencing Case No. 19-00237, in which this adversary proceeding is pursued.  The foreclosure sale proceeded on April 11, 2019, and on April 14, 2019, Tate commenced this adversary proceeding, in which he seeks (1) declaratory relief that he has equitable

title to the Property, and (2) a finding that the foreclosure sale constituted a willful violation of the automatic stay of 11 U.S.C. § 362(a).

## II

The defendants' *Motion to Dismiss* seeks dismissal on two grounds. *First*, the defendants contend that dismissal is appropriate under Fed. R. Civ. P. 12(b)(1) because Tate lacks standing because he does not have an equitable interest in the Property, and thus the court lacks subject matter jurisdiction. *Second*, the defendants argue that whatever interest Tate has in the Property is not included in the bankruptcy estate, with the result that the automatic stay did not apply to the Property. Accordingly, they argue, Tate's amended complaint fails to state a claim, and dismissal is appropriate under Fed. R. Civ. P. 12(b)(6). The court addresses these arguments in turn.

## A

The *Motion to Dismiss* claims that Ms. Tate died intestate, and characterizes Tate as currently having only a "hope or expectation of obtaining title to the Subject Property," which, they contend, is insufficient to constitute an interest in the Property due to the various prerequisites to inheritance that remain unsatisfied. The defendants further argue that federal bankruptcy law does not recognize a mere hope or expectation as an equitable interest, and, therefore, that Tate lacks standing.

3

In support of this argument, the defendants analogize Tate's
expectation that he will inherit the Property to a person's
expectation that he may receive a bonus payment from his
employer, which would not constitute an equitable interest, or to
a person's interest in the underlying assets held by a
corporation in which he holds shares, an interest that would also
be insufficient to become property of the bankruptcy estate.

The *Motion to Dismiss* does not, however, address if or when,
under District of Columbia law, an heir's anticipation of
inheriting a property is only a "hope or expectation."  Such an
analysis is important, because "[i]n general, unless a federal
interest requires a different result, state law governs the
determination of what legal or equitable interests a debtor holds
in property."  *In re McKeever*, 550 B.R. 623, 637 (Bankr. N.D.
Ga. 2016) (citing *Traveler's Cas. & Sur. Co. of Am. v. Pac. Gas &
Elec. Co.*, 549 U.S. 443, 450-51 (2007)).  (The defendants
acknowledge the significance of state law elsewhere in their
*Motion to Dismiss* and *Reply to Opposition to Motion to Dismiss*
(Dkt. No. 21), both of which frequently appeal to District of
Columbia law regarding inheritance.)  Accordingly, whatever
interest Tate has in the Property is best determined by state
law, rather than by analogy.

According to D.C. Code § 19-306, "[w]hen the intestate
leaves children and no other descendants, the surplus is divided

4

equally among them."  In such a case, the heirs have "more than a
bare expectancy interest," because upon the decedent's death,
there is "no chance that a change in the laws of intestate
succession or creation of a will could change the outcome."
*Douglas v. Lyles*, 841 A.2d 1, 5 (D.C. 2004).  District of
Columbia law distinguishes an heir, whose rights are fixed upon
the death of the decedent, from the hope that a person might have
to receive a bonus that one's employer may decide to revoke.

Further analysis of *Douglas* also demonstrates that an heir's
undistributed inheritance is not merely a hope or expectation.
In *Douglas*, the D.C. Court of Appeals reversed summary judgment
in favor of the heirs of intestate decedents who had argued that
the appellant, with whom the heirs had contracted to sell a
house, could not seek specific performance of the contract to
sell the house from the heirs to the appellant.  The heirs
contended that specific performance was unavailable because they
had sought to sell not only their own interests in the home, but
the interest belonging to the estates of the intestate decedents,
which had not been parties to the sale.  The Court of Appeals
acknowledged that "the four intestate heirs did not hold legal
title to the entirety of the property when the contract was
signed."  *Id.* at 3. Nevertheless, "the contract was not
unenforceable in equity simply because the shares of the property
held in [the decedents'] estates had not yet been distributed to

5

the appellees." *Id.* at 5. Thus, to the extent that Tate is Ms. Tate's heir, his interest in the Property is greater than a mere hope or expectation.

B

In the *Motion to Dismiss*, the defendants cite District of Columbia law, and in particular D.C. Code § 20-105, which provides that legal title does not pass to a decedent's heirs, but instead "to the personal representative, who shall hold the legal title for administration and distribution of the estate." The defendants argue that because legal title does not pass directly to heirs, Tate does not have an interest in the Property, and, accordingly, no interest in the Property became part of the bankruptcy estate when Tate filed his petition.

This argument also fails. D.C. Code § 20-105 pertains to legal title. Tate, however, has not alleged that he has *legal* title, but only an *equitable* interest or title. Moreover, the purpose of D.C. Code § 20-105 is to "repeal the common law procedures permitting private disposition of real property," not to otherwise alter the substantive rules governing inheritance set forth in Title 19 of the D.C. Code. *See Richardson v. Green*, 528 A.2d 429, 430-31, 434 (D.C. 1987) ("§ 20-105 vests title in the personal representative and § 19-301 tells him how to distribute the property"). Accordingly, even after the passing of D.C. Code § 20-105 as part of the District of Columbia Probate

6

Reform Act of 1980, D.C. Code §§ 20-101 *et seq.* (1981), heirs are treated as having an equitable interest in the property of a decedent's estate. *See United States v. Wade*, 992 F. Supp. 6, 11 (D.D.C. 1997) (finding that heirs had an equitable interest in property that had belonged to intestate decedent and rejecting argument that the heirs could not assert standing because D.C. Code § 20-105 vested legal title in the personal representative).

*Bunch v. Hopkins Savs. Bank (In re Bunch)*, 249 B.R. 667 (Bankr. D.Md. 2000), is also informative.  While *Bunch* involved Maryland law, "Maryland law, after which the Probate Reform Act was modeled, ... is also instructive." *Richardson*, 528 A.2d at 436-37.  In *Bunch,* the court held that the debtor "held an equitable interest in his mother's property as the decedent's sole heir and sole beneficiary of her estate, which had vested in him at the time of her death, well before the debtor filed bankruptcy." *Bunch*, 249 B.R. at 670.  That the court did not view Maryland's similar probate regime as foreclosing the debtor in *Bunch* from having an equitable interest in his mother's property suggests that a similar result is appropriate when applying D.C. Code § 20-105.  Accordingly, D.C. Code § 20-105, which pertains to legal title, should not be interpreted as foreclosing Tate from having an equitable interest in his mother's estate that could become the property of the bankruptcy estate.

7

III

The defendants' *Motion to Dismiss* claims that Ms. Tate died intestate, and Tate's **opposition** (Dkt. No. 21) to the *Motion to Dismiss* claims that Tate has an equitable interest in the property as the "rightful" and "sole" heir of his mother.  As explained above, under District of Columbia law, if Tate is Ms. Tate's heir, then he currently has an equitable interest in the Property, which became the property of the estate under 11 U.S.C. § 541(a)(1) and subject to the automatic stay of 11 U.S.C. § 362 when Tate filed his petition.  This is so even if Tate has not yet followed the necessary procedural steps to obtain legal title to the Property.

Nevertheless, Tate's **amended complaint** fails to set forth the basis for his claim to have an equitable interest in the Property, whether as his mother's heir or on other grounds, and states only in a conclusory manner that Tate has such an interest.  Without a more definite statement of the basis for the plaintiff's claim to have an equitable interest in the property, the court cannot assess whether the amended complaint states a claim upon which relief can be granted.  The court will therefore grant Tate an additional amount of time to set forth such a basis before ruling on the *Motion to Dismiss*.

8

IV

For the foregoing reasons, it is

ORDERED that within 14 days after entry of this order, the plaintiff shall file a further amended complaint containing a more definite statement setting forth the basis upon which he claims to have an equitable interest in the property, with any answer or other response to the further amended complaint to be filed within 14 days after the filing of that amended complaint.

[Signed and dated above.]

Copies to: Recipients of e-notifications of filings;

EJF Real Estate Services
David Hahn
Clarence Hutton
1428 U Street, NW
2nd Floor
Washington, DC 20009

Alex Cooper Auctioneers Inc.
4910 Massachusetts Ave., NW
#100
Washington, DC 20016